UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PET FOOD EXPRESS LIMITED,

     Plaintiff,

     v.

ROYAL CANIN USA, INC.,

     Defendant.

_____/

No. C-09-1483 EMC

**COURT'S PROPOSED JURY INSTRUCTIONS**

     Attached are the Court's proposed Jury Instructions.  The parties shall meet and confer and reach agreement on the instructions, taking into account the Court's comments.  Notwithstanding the Court's previous order, they shall file and submit to the Court two chambers copies of an agreed upon set of instructions by Noon, Friday August 26, 2011.  If there are remaining disputes as to the damages instructions, the parties shall file their respective proposed instructions. If there are any objections as to the instructions proposed by the Court, they shall be filed as well by said deadline.

     IT IS SO ORDERED.

Dated:  August 24, 2011

_____
EDWARD M. CHEN
United States District Judge

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**PRELIMINARY STATEMENT TO THE JURY**

This case concerns a business relationship between Royal Canin, a manufacturer of premium petfood, and Pet Food Express, which is headquartered in Oakland, California, and which operates 39 retail petfood outlets in the Bay Area.  In 2004, the two parties entered into a retail sales contract under which PFE was entitled to certain benefits, including an off-invoice discount and a market development allowance, so long as it continued to perform certain stated obligations.  The contract was scheduled to expire at the end of 2017.  In 2009, RC USA failed to make a payment under the contract, and PFE considered that failure to bring the contract to an immediate end.  It filed suit the next day.  According to prior rulings of this court, the failure to make the payment in 2009 was a breach of the agreement, so RC USA's liability for the breach has been decided and is not in issue. The question before the court is whether PFE is entitled to damages for the breach, and if so what the proper measure of those damages is.  The parties will present evidence and argument to you on that question, but ultimately you the jury, as finders of fact, will be responsible for determining the answer.

Court Notes: The parties have stipulated to this statement.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 1 – DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be given a set of these instruction together with the final instructions on the law after the evidence has been presented and the lawyers make their closing arguments at the end of the case.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.1A.

Court Notes: The parties have stipulated to this instruction, but the Court has made changes since it is giving some preliminary instructions at the outset of the case.

**JURY INSTRUCTION NO. 2 – OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.19.

Court Notes: The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

1

**JURY INSTRUCTION NO. 3 – NO TRANSCRIPT AVAILABLE TO JURY**

2      During deliberations, you will have to make your decision based on what you recall of the

3 evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the

4 testimony as it is given.

5      If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me

6 know so that I can correct the problem.

7

8 Authority: 9th Cir. Model Civil Jury Instruction No. 1.13.

9

10 Court Notes: The parties have stipulated to this instruction.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 4 – TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.14.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. 5 – BURDEN OF PROOF –**

**PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.3.

Court Notes: The parties have stipulated to this instruction.

United States District Court

For the Northern District of California

7

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 6 – WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.6.


Court Notes: The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 7 – WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)   Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.7.

Court Notes: The parties have stipulated to this instruction.

9

1

**JURY INSTRUCTION NO. 8 – EVIDENCE FOR LIMITED PURPOSE**

2        Some evidence may be admitted for a limited purpose only.

3        When I instruct you that an item of evidence has been admitted for a limited purpose, you

4   must consider it only for that limited purpose and for no other.

5

6   Authority: 9th Cir. Model Civil Jury Instruction No. 1.8.

7

8   Court Notes: The parties have stipulated to this instruction.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

**JURY INSTRUCTION NO. 9 – DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

3

testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

4

evidence is proof of one or more facts from which you could find another fact.  You should consider

5

both kinds of evidence.  The law makes no distinction between the weight to be given to either direct

6

or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

7

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may

8

find from that fact that it rained during the night.  However, other evidence, such as a turned on

9

garden hose, may provide a different explanation for the presence of water on the sidewalk.

10

Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

11

consider all the evidence in the light of reason, experience, and common sense.

12

13

Authority: 9th Cir. Model Civil Jury Instruction No. 1.9.

14

15

Court Notes: The parties have stipulated to this instruction. The parties have not stipulated to the

16

second paragraph but the Court will include it absent objection.

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

**JURY INSTRUCTION NO. 10 – CHARTS AND SUMMARIES**

2

**NOT RECEIVED IN EVIDENCE**

3
    Certain charts and summaries not received in evidence may be shown to you in order to help

4
explain the contents of books, records, documents, or other evidence in the case.  They are not

5
themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown

6
by the evidence in the case, you should disregard these charts and summaries and determine the facts

7
from the underlying evidence.

8

9
Authority: 9th Cir. Model Civil Jury Instruction No. 2.12.

10

11
Court Notes: The parties have stipulated to this instruction.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

United States District Court

For the Northern District of California

1   **JURY INSTRUCTION NO. 11 – CHARTS AND SUMMARIES IN EVIDENCE**

2        Certain charts and summaries may be received into evidence to illustrate information brought

3   out in the trial.  Charts and summaries are only as good as the underlying evidence that supports

4   them.  You should, therefore, give them only such weight as you think the underlying evidence

5   deserves.

6

7   Authority: 9th Cir. Model Civil Jury Instruction No. 2.13.

8

9   Court Notes: The parties have stipulated to this instruction.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1     **JURY INSTRUCTION NO. 12 – DEPOSITION IN LIEU OF LIVE TESTIMONY**

2          A deposition is the sworn testimony of a witness taken before trial.  The witness is placed

3    under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers

4    are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be

5    used at the trial.

6          You should consider deposition testimony, presented to you in court in lieu of live testimony,

7    insofar as possible, in the same way as if the witness had been present to testify.

8          Do not place any significance on the behavior or tone of voice of any person reading the

9    questions or answers.

10

11   Authority: 9th Cir. Model Civil Jury Instruction No. 2.4.

12

13   Court Notes: The parties have stipulated to this instruction.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

1  **JURY INSTRUCTION NO. 13 – USE OF INTERROGATORIES OF A PARTY**

2      Evidence may be presented to you in the form of answers of one of the parties to written

3  interrogatories submitted by the other side.  These answers were given in writing and under oath,

4  before the actual trial, in response to questions that were submitted in writing under established

5  court procedures.  You should consider the answers, insofar as possible, in the same way as if they

6  were made from the witness stand.

7

8  Authority: 9th Cir. Model Civil Jury Instruction No. 2.10.

9

10  Court Notes: The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

## JURY INSTRUCTION NO. 14 – CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.11.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. 15 – EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: 9th Cir. Model Civil Jury Instruction No. 2.11.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. 16 – RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.10.

Court Notes: The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

18

**JURY INSTRUCTION NO. 17 – BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.18.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. 18 – CLAIMS AND DEFENSES**

     Royal Canin USA Inc breached a contract with Pet Food Express dated February 6, 2004 when it failed to pay a 5% MDA (market development allowance) payment for calendar year 2008 that was due and payable March 15, 2009.  PFE and RC USA Inc dispute the amount of damages PFE has suffered as a result.  Your task is to ascertain the amount of damages owed in conformance with the instructions I give you governing the award of breach-of-contract damages.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.2.

Court Notes: The parties have stipulated to this instruction.

20

**JURY INSTRUCTION NO. 19 – STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you].  You should therefore treat these facts as having been proved.

Authority: 9th Cir. Model Civil Jury Instruction No. 2.2.

Court Notes: The parties have stipulated to this instruction.  However, the parties have not yet provided the stipulated facts to be communicated to the jury.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 20 – CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed you deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news of media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire

trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Authority: 9th Cir. Model Jury Instruction No. 1.12.

Court Notes: The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

1
2

### JURY INSTRUCTION NO. 21 – DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

3   Members of the Jury:  Now that you have heard all of the evidence [and the arguments of the
4   attorneys], it is my duty to instruct you as to the law of the case.

5   [Each of you has received a copy of these instructions that you may take with you to the jury
6   room to consult during your deliberations.]

7   or

8   [A copy of these instructions will be sent with you to the jury room when you deliberate.]

9   You must not infer from these instructions or from anything I may say or do as indicating
10   that I have an opinion regarding the evidence or what your verdict should be.

11   It is your duty to find the facts from all the evidence in the case.  To those facts you will
12   apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with
13   it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or
14   sympathy.  That means that you must decide the case solely on the evidence before you.  You will
15   recall that you took an oath to do so.

16   In following my instructions, you must follow all of them and not single out some and ignore
17   others; they are all important.

18

19   Authority: 9th Cir. Model Civil Jury Instruction No. 1.1C.

20

21   Court Notes: The parties have stipulated to this instruction.  This instruction will be given after all
22   evidence has been presented.

23
24
25
26
27
28

24

**United States District Court**
For the Northern District of California

1

**JURY INSTRUCTION NO. 22A – DAMAGES – PROOF**

2     It is the duty of the Court to instruct you about the measure of damages.  By instructing you

3 on damages, the Court does not mean to suggest what your verdict should be.

4     The plaintiff has the burden of proving damages by a preponderance of the evidence.

5 Damages means the amount of money that will reasonably and fairly compensate the plaintiff for

6 any injury you find was caused by the defendant.  You should consider the following:

7     1.     Amounts due from Royal Canin USA to Pet Food Express under the 2004 agreement

8            for the period March 25, 2009, to the present;

9     2.     Amounts due from Royal Canin USA to Pet Food Express for future losses due to the

10           lost 5% MDA payment and the lost 15% invoice discount, from now until you

11           believe the 2004 agreement would end.

12     It is for you to determine what damages, if any, have been proven.  Your award must be

13 based upon evidence and not upon speculation, guesswork or conjecture.  You do not have to

14 calculate the amount of the damages with mathematical precision, but there must be a reasonable

15 basis for computing the loss.

16

17 Authority: 9th Cir. Model Civil Jury Instruction No. 5.1, 5.2.

18

19 Court Notes:  This disputed instruction was proposed by Plaintiff.  The Court has deleted from the

20 model instruction language suggesting that there is an issue for the jury to decide as to liability (*i.e.*,

21 "If you find for the plaintiff...").  The Court has also added the final sentence from Defendant's

22 proposed instruction to the final sentence here to clarify the precision with which the jury must

23 determine damages.  However, as the Court noted at the pretrial conference, neither Plaintiff's nor

24 Defendant's proposed instructions as to damages capture the jury's full responsibility with respect to

25 damages in this case.  The ultimate issue is whether and if so how much loss in profit PFE suffered

26 as a result of RC's breach of contract.  It is not simply the loss of revenue but loss of profit.  The

27 instruction below which addresses the concept of loss of profit, however, is not appropriate because

28 it suggests the jury should focus on the profits of the total enterprise of PFE rather than focusing on

the loss of profit, if any, causally related to RC's breach of contract.  The parties are directed to meet and confer per the Court's pretrial order to reconcile their disputed instructions and propose an instruction more useful to the jury.

**United States District Court**
For the Northern District of California

### JURY INSTRUCTION NO. 22B – DAMAGES – PROOF

To recover damages for lost profits, PFE must prove that it is reasonably certain it would have earned more profits but for RC USA's breach of the contract.  To decide the amount of damages for lost profits, you must:

1.   First, calculate PFE's estimated total profit by determining the gross amount it would have received if the contract had been performed, and then subtracting from that amount the costs, including the value of the labor/materials/rents/expenses/interest on loans invested in the business PFE have had if the contract had been performed;

2.   Next, calculate PFE's actual profit by determining the gross amount it actually received, and then subtracting from that amount PFE's actual costs including the value of the labor/materials/ rents/expenses/interest on loans invested in the business; and

3.   Then, subtract PFE's actual profit, which you determined in the second step, from its estimated total profit, which you determined in the first step. The resulting amount is PFE's lost profit.

You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.


Authority: CA Civil Instructions 353


Court Notes: Defendant proposed this disputed instruction as an alternative to the 9th Circuit model instructions 5.1 and 5.2 proposed by Plaintiff above.  However, as noted above and at the pretrial conference, the "lost profits" analogy is not quite apt with respect to how damages are to be calculated in this case.  For instance, while "lost profits" is somewhat relevant to the PA damages – for which one  must calculate the difference between PFE's profit margin selling RC products pursuant to the PA and its profit margin selling replacement products post-breach to the extent it is causally related to the breach,  the generic description of "lost profits" may be confusing with respect to the alleged MDA damages – for which one must estimate RC's aggregate dollar volume

of product shipped into the Territory and Expansion Counties (to the extent the jury determines PFE is entitled to damages stemming from any of those counties).  More broadly, consideration should be given to whether the instructions should focus the jury on to their task in determining specific issues here – *e.g.* whether the PFE has proven future events such as the continuation of the contract with RC (*i.e.*, that it would be able to continue increasing its purchases of RC products each year, that it will continue operating in each county within the Territory, and that it will open stores in the Expansion Counties) with sufficient certainty.  Accordingly, neither of the above instructions is very helpful to the jury, and the Court orders the parties to agree upon a more useful instruction that is more precisely tailored to this case.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 23A – DAMAGES – MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.


Authority: 9th Cir. Model Civil Jury Instruction No. 5.3.


Court Notes: This disputed instruction was proposed by Plaintiff.  The Court prefers this instruction to the California instruction proposed by Defendant (below) as it is clearer regarding the burden of proof.

**JURY INSTRUCTION NO. 23B – DAMAGES – MITIGATION**

~~If RC USA's breached of the contract and the breach caused harm, PFE is not entitled to recover damages for harm that RC USA proves PFE could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of PFE's efforts in light of the circumstances facing it at the time, including its ability to make the efforts or expenditures without undue risk or hardship.~~

~~If PFE made reasonable efforts to avoid harm, then your award should include reasonable amounts that it spent for this purpose.~~

Authority: CA Civil Instructions 358

Court Notes: This disputed instruction was proposed by Defendant as an alternative to the 9th Circuit instructions above.  As noted above, the Court prefers the 9th Circuit model instruction.

United States District Court

For the Northern District of California

30

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 24A – DAMAGES – PRESENT VALUE**
**OF FUTURE DAMAGES**

Any award for future economic damages must be for the present cash value of those damages.  [This is necessary because money received now will, through investment, grow to a larger amount in the future.]

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

[You may consider expert testimony in determining the present cash value of future damages.]


Authority: 9th Cir. Model Civil Jury Instruction No. 5.4 (with some additions from California Instruction 359).


Court Notes: This disputed instruction was proposed by Plaintiff.  The Court has suggested in brackets sentences from the California instructions (copied below and proposed by Defendant) that would make the instruction more readily understandable for the jury.

31

**JURY INSTRUCTION NO. 24B – DAMAGES –  PRESENT VALUE**

**OF FUTURE DAMAGES**

~~To recover for future harm, PFE must prove that the harm is reasonably certain to occur and must prove the amount of those future damages. The amount of damages for future harm must be reduced to present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future. PFE must prove the amount by which future damages should be reduced to present value.~~

~~To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide PFE with the amount of its future damages.~~

~~You may consider expert testimony in determining the present cash value of future damages.~~

Authority: CA Civil Instructions 359

Court Notes: This disputed instruction was proposed by Defendant as an alternative to the 9th Circuit instructions.  This instruction seems to import additional proof instructions into the present value instruction, which the 9th Circuit instruction does not do.  The Court therefore prefers the 9th Circuit version so as to avoid confusion with the jury, as the proof instruction will be given separately.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 25 – DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


Authority: 9th Cir. Model Civil Jury Instruction No. 3.1.


Court Notes: The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

1

**JURY INSTRUCTION NO. 26 – COMMUNICATION WITH COURT**

2      If it becomes necessary during your deliberations to communicate with me, you may send a

3   note through the clerk, signed by your presiding juror or by one or more members of the jury.  No

4   member of the jury should ever attempt to communicate with me except by a signed writing; I will

5   communicate with any member of the jury on anything concerning the case only in writing, or here

6   in open court.  If you send out a question, I will consult with the parties before answering it, which

7   may take some time.  You may continue your deliberations while waiting for the answer to any

8   question.  Remember that you are not to tell anyone – including me – how the jury stands,

9   numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

10  Do not disclose any vote count in any note to the court.

11

12  Authority: 9th Cir. Model Civil Jury Instruction No. 3.2.

13

14  Court Notes: The parties have stipulated to this instruction.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 27 – RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Authority: 9th Cir. Model Civil Jury Instruction No. 3.3.

Court Notes: The parties have stipulated to this instruction.