UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PET FOOD EXPRESS LIMITED,

       Plaintiff,

    v.

ROYAL CANIN USA, INC.,

       Defendant.

_____/

No. C-09-1483 EMC

**ORDER RE JURY INSTRUCTION 22**

      The parties dispute one point regarding proposed jury instruction number 22, the instruction regarding proof of damages.  Specifically, they dispute whether to include the phrase "contingent or" in the following sentence: "Those damages must be reasonably certain rather than [contingent or] speculative."  This Order memorializes and elaborates on the Court's ruling from the bench on August 30, 2011.

      Plaintiff argues that "contingent" is unnecessary and misstates California law, as evidenced by the fact that it is not included in the relevant California Civil jury instructions ("CACI") or California Civil Code § 3301.  Defendant counters that California case law typically states that "[d]amages which are remote, contingent, or merely possible cannot serve as a legal basis for recovery."  *California Shoppers, Inc. v. Royal Globe Insurance Co.*, 175 Cal.App.3d 1, 62 (1985).

      The Court finds that including "contingent" in Jury Instruction 22 is both unnecessary and potentially confusing for the jury.  California case law recognizes that if a plaintiff can prove contingent damages to a reasonable degree of certainty, they are permissible.  *See, e.g.*, *Kids' Universe v. In2Labs*, 95 Cal. App. 4th 870, 883 (2002) ("But although generally objectionable for

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

1  the reason that their estimation is conjectural and speculative, anticipated profits dependent upon

2  future events are allowed where their nature and occurrence can be shown by evidence of reasonable

3  reliability."). Thus, the mere fact that future damages are contingent does not *per se* render them

4  impermissible; rather, it is contingent damages that are not "shown by evidence of reasonable

5  reliability" that are not allowed. *See Greenwich S.F., LLC v. Wong*, 190 Cal. App. 4th 739, 766

6  (2010) (finding lost profits claim too speculative where the plaintiff assumed, rather than proved, the

7  reasonable certainty of future predicate events upon which the damages depended).

8       Moreover, the Court finds that Jury Instruction 22 contains sufficient cautionary language to

9  make it clear to the jury that damages that are not reasonably certain should not be awarded. The

10 sentence in question will state, "Those damages must be reasonably certain rather than speculative."

11 At the end of the proposed instruction, the Court will state further, "Your award must be based upon

12 evidence and not upon speculation, guesswork or conjecture." Accordingly, the Court finds that

13 "contingent" is effectively redundant and adds no value for the jury while causing potential

14 confusion.

15      IT IS SO ORDERED.

16

17

18

19

20 Dated:  August 31, 2011

21

22  _____
    EDWARD M. CHEN

23  United States District Judge

24

25

26

27

28

2